**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**H & R BLOCK EASTERN ENTERPRISES, INC.,**

    **Plaintiff,**

**-vs-**            **Case No. 6:11-cv-224-Orl-28GJK**

**GARY EINSTEIN,**

    **Defendant.**
_____

## TEMPORARY RESTRAINING ORDER

    This cause is before the Court on the Motion for Temporary Restraining Order (Doc. 2) filed by Plaintiff H & R Block Eastern Enterprises, Inc. ("H & R Block"), filed pursuant to Federal Rule of Civil Procedure 65(b). Based upon that motion, the Verified Complaint (Doc. 1), and attachments thereto, the Court finds that a temporary restraining order should issue in order to prevent ongoing and further damage to H & R Block.

    The filings of H & R Block reflect that Defendant, Gary Einstein, was employed by H & R Block until approximately February 15, 2010. During his employment with H & R Block, Defendant entered into an agreement containing restrictive covenants and providing in part that, inter alia, for two years following cessation of his employment he would not solicit any clients of H & R Block or prepare tax returns for any client of H & R Block. (Ex. A to Compl.). H & R Block has presented evidence that Defendant has, however, been soliciting clients of H & R Block. (See, e.g., Ex. B to Compl.).

The Court finds that the allegations of the Verified Complaint, along with the attached exhibits, establish that a temporary restraining order enforcing the restrictive covenants is reasonably necessary to protect H & R Block's legitimate business interests. H & R Block has established (1) a substantial likelihood of success on the merits; (2) that without a temporary restraining order, H & R Block will suffer irreparable harm, as stated in the agreement at issue; (3) the threatened injury to H & R Block outweighs whatever damage the temporary restraining order may cause Defendant; and (4) this temporary restraining order will not be adverse to the public interest.

Accordingly, H & R Block's Motion for Temporary Restraining Order (Doc. 2) is **GRANTED** and it is **ORDERED** as follows:

1. Defendant, Gary Einstein, is hereby enjoined from directly or indirectly violating the provisions of the Employment Agreement attached to the Verified Complaint (Doc. 1) as Exhibit A.

2. Defendant, and all those acting in concert with him, are hereby enjoined from directly or indirectly providing any of the following services to any of H & R Block's "Company Clients," as defined in his Employment Agreement[1]: (a) preparing tax returns, (b) filing tax returns electronically, or (c) providing bookkeeping or any other alternative or additional service that H & R Block provides.

---

[1] The Employment Agreement defines "Company Clients" as "every person or entity whose federal or state tax return was prepared or electronically transmitted by [Defendant] or for whom [Defendant] provided any Alternative Products or Services, during the term of this Agreement or during any period of time in which [Defendant] was employed by [H & R Block] or an affiliate during the twelve (12) months immediately preceding the effective date of this Agreement." (Employment Agreement, Ex. A to Doc. 1, ¶ 10(c)).

3. Defendant, and all those acting in concert with him, are hereby enjoined from directly or indirectly soliciting H & R Block's "Company Clients," as defined in his Employment Agreement, for the purposes of providing them the following services: (a) preparing tax returns, (b) filing tax returns electronically, or (c) providing bookkeeping or any other alternative or additional service that H & R Block provides.

4. Defendant, and all those acting in concert with him, are hereby enjoined from directly or indirectly using or disclosing H & R Block's confidential business information, as defined in his Employment Agreement.[2]

5. Defendant, and all those acting in concert with him, are hereby ordered to return any property belonging to H & R Block, including client lists, client data, company documents, computer hardware or software, or other tangible items, within five (5) days of the date of this Order.

6. H & R Block shall serve Defendant with a copy of this Order and all other papers that have been filed in this action as soon as possible. This Temporary Restraining Order shall remain in effect for fourteen (14) days unless extended or sooner dissolved.

7. The parties **shall appear** before the undersigned on **Friday, February 18, 2011, at 8:30 a.m. in Courtroom 6B**, United States Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida for a hearing with regard to whether this Order should be converted into a

---

[2]The Employment Agreement includes the following as "confidential business information": "[H & R Block's] client lists, information pertaining to [H & R Block's] clients, employee lists and information, and [H & R Block's] tax preparation software." (Ex. A to Doc. 1, ¶ 8(c)).

-3-

Preliminary Injunction or dissolved.  Defendant shall file any responsive papers **on or before Wednesday, February 16, 2011, at 5:00 p.m.**

8.  **H & R Block shall post a bond in the sum of $10,000.00 within five (5) days of entry of this Order.**

**DONE** and **ORDERED** in Orlando, Florida this 10th day of February, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party